UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00244-RJC-DSC

| | | |
|---|---|---|
| VINCENT T. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MEGAN J. BRENNAN, CHRISTOPHER | ) | |
| BROOKS, DAVID JOSEPH, and TIMOTHY | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER comes before the Court on Plaintiff's Motion for Entry of Default. (Doc. No. 6.)

I.  BACKGROUND

Plaintiff filed his pro se Complaint against Defendants on May 11, 2018. (Doc. No. 1.) As of June 25, 2018, the summons was returned as executed for Defendants Brooks, Joseph, and Williams. (Doc. No. 4.) On April 24, 2019, the Court entered an order directing Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. (Doc. No. 5.) On May 8, 2019, Plaintiff filed the instant Motion for Entry of Default. (Doc. No. 6.)

II.  DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "It is axiomatic, however, that effective service of process on a defendant must be accomplished as a

prerequisite for entry of default against that defendant." <u>Henderson v. L.A. Cty.</u>, No. 5:13-cv-635, 2013 U.S. Dist. LEXIS 170928, at *2–3 (E.D.N.C. Dec. 3, 2013) (quotation marks omitted). "This is because a defendant's duty to respond to a complaint only arises upon proper service of process." <u>Hinson-Gribble v. United States Office of Pers. Mgmt.</u>, No. 5:16-cv-00070, 2018 U.S. Dist. LEXIS 142561, at *5 (E.D.N.C. Aug. 22, 2018). "Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered." <u>Henderson</u>, 2013 U.S. Dist. LEXIS 170928, at *3; <u>see</u> <u>also</u> Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court."). "Except where service is made by a United States marshal or deputy marshal, proof of service must be made to the court by the server's affidavit." <u>Hinson-Gribble</u>, 2018 U.S. Dist. LEXIS 142561, at *5 (citing Fed. R. Civ. P. 4(*l*)(1)).

Under Rule 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Further, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, Plaintiff has failed to prove proper service of process on Defendants. Although the summons was returned as executed for Defendants Brooks, Joseph, and Williams, (Doc. No. 4), there is no evidence that Plaintiff properly served a copy of the Complaint on these Defendants as required by Rule 4. In addition, there is no evidence that Plaintiff properly served a copy of either the summons or the Complaint

on Defendant Brennan.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1.    Plaintiff's Motion for Entry of Default, (Doc. No. 6), is **DENIED**; and

2.    Within twenty-one (21) days of this Order, Plaintiff shall file an affidavit or such other required proof of service as to each Defendant.  Failure to do so will cause the Court to dismiss this case.

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge