# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00244-RJC-DSC

| | |
|---|---|
| VINCENT T. FRANKLIN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION AND ORDER**<br>) |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, CHRISTOPHER BROOKS, DAVID JOSEPH, AND TIMOTHY WILLIAMS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on "Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment" (Doc. 10 and 11[1]) as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

---

[1] Document 10 is Defendants' Motion filed under seal. Document 11 is the same Motion with portions redacted.

Plaintiff is an African American male employed by the Postal Service. During the relevant period, he was a Tractor Trailer Operator at the Charlotte, North Carolina Vehicle Maintenance Facility. Plaintiff alleges that postal management did not provide him with overtime opportunities and that his night differential time was incorrect. He filed his pro se Complaint against Defendants on May 11, 2018. (Doc. 1). On June 25, 2018, the Court received three "Affidavit[s] of Service" dated June 18, 2018 by a Mecklenburg County Deputy Sheriff. (Doc. 4). In the "Type(s) of Process" section of each Affidavit, only the box for "Summons" was marked. The box for "Complaint" was not marked on any Affidavit. These Affidavits of Service reflect that the Deputy Sheriff served the Summons – but no Complaint – on the individual Defendants Brooks, Joseph and Williams.

On April 24, 2019, the Court entered an Order directing Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. (Doc. 5). On May 8, 2019, Plaintiff filed a Motion for Entry of Default. (Doc. 6). On October 9, 2019, the Honorable Robert J. Conrad, Jr. entered an Order (Doc. 8) denying Plaintiff's Motion for Entry of Default and found that

> Plaintiff has failed to prove proper service of process on Defendants. Although the summons was returned as executed for Defendants Brooks, Joseph, and Williams, (Doc. No. 4), there is no evidence that Plaintiff properly served a copy of the Complaint on these Defendants as required by Rule 4. In addition, there is no evidence that Plaintiff properly served a copy of either the summons or the Complaint on Defendant Brennan.

(Doc. 8 at p. 2). The Court ordered "Within twenty-one (21) days of this Order, Plaintiff shall file an affidavit or such other required proof of service as to each Defendant. Failure to do so will cause the Court to dismiss the case." (Id. at p. 3). Affidavit or required proof of service was due by October 30, 2019. Plaintiff did not file anything by that date.

On November 7, 2019, Defendants filed the instant Motion to Dismiss. On December 2, 2019, Plaintiff filed a document docketed as a Response in Opposition to Federal Defendants' Motion to Dismiss (Doc. 14), an Addendum (Doc. 12) and a Proof of Service (Doc. 13). The Addendum consists of three form Complaints with the following titles: (A) Complaint for Violation of Civil Rights (Non-Prisoner Complaint)(Doc. 12 at 1-7); (B) Complaint for Employment Discrimination (Doc. 12-1 at 1-7); and (C) Complaint for a Civil Case (Doc. 12-2 at 1-7). The Court has not granted leave for the filing of an amended complaint nor has Plaintiff made a motion to amend his Complaint.

In Document 13, Plaintiff attaches a FedEx Office receipt showing FedEx Standard Overnight delivery to Recipient Address: "US Dept of Justice, US Attorney Office, 227 W. Trade St, Ste 1650 Carillon Blg, Charlotte, NC 28202" for delivery on October 30, 2019. In addition, the receipt shows FedEx 2Day delivery to "Attn: Megan J. Brennan, Postmaster General-USPS, 475 L-Enfant Plaza SW, Washington, DC 20260" for delivery on October 31, 2019. Document 13 also includes two Summons to Megan J. Brennan, one dated May 15, 2018 and one dated October 29, 2019. Neither Summons includes an Affidavit of Service.

## II. DISCUSSION OF CLAIMS

A civil action is commenced when the plaintiff files a complaint with the court. Fed. R.Civ. P. 3. Federal Rule of Civil Procedure 4 governs service of process and provides that the plaintiff is responsible for having a summons containing a copy of the complaint served on the defendant. Fed. R. Civ. P. 4(c)(1). Rule 4(e) details how to serve an individual within a judicial district of the United States. Rule 4(i) provides that service of a complaint against an agency of the United States is accomplished by: (1) delivering a copy of the summons and a copy of the complaint to the United States Attorney's office for the district where the action is brought; (2) sending a copy of

each by registered or certified mail to the Attorney General of the United States; and (3) sending a copy of each by registered or certified mail to the agency. Unless service is waived or served by a United States Marshal or Deputy Marshal, proof of service must be made by affidavit. Fed. R. Civ. P. 4(l)(1).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir.1998). Once service has been challenged, plaintiff has the burden to show that he effected service of process properly and that the court has personal jurisdiction over all defendants. See Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished). Since Defendants did not waive or consent to service, Plaintiff must prove that he properly served them. A plaintiff's pro se status is insufficient to establish good cause justifying a failure of service, even where the pro se plaintiff mistakenly believes that service was made properly. Hansan v. Fairfax Cty. School Bd., 405 Fed. Appx. 793, 794 (4th Cir. 2010). If service is not perfected within ninety days of filing the complaint, the court must dismiss the action without prejudice unless plaintiff shows good cause for the failure to effect service. Fed.R.Civ.P. 4(m).

According to the Affidavits of Service, Plaintiff served the Summons on the individual Defendants, but not the Complaint. See Doc. 4 (no box checked on the Affidavit for service of Complaint). See e.g., Murrell v. Cracker Barrel, No. 2:13-cv-02619-SHL-dkv, 2014 WL 3673001 (W.D.Tenn. 2014) (plaintiff's service of the summons on defendant without the complaint was insufficient); Dividock v. KCAD-FSU, No. 5:05-cv-74, 2005 WL 2090895, at *1 (W.D.Mich. 2005) (finding service not effective where pro se plaintiff served defendant with a copy of the summons without a copy of the complaint); 4A. Fed. Prac. & Proc. Civ. § 1093 (3d ed.) ("It is

clear, for example, that even though a copy of the complaint is on file at the clerk's office, service of a summons without a copy of the complaint is not effective service.").

Plaintiff has also failed to secure and serve a summons and copy of the Complaint upon the United States Attorney's office for the Western District of North Carolina and the Attorney General of the United States in compliance with the requirements of Fed. R. Civ. P. 4(i). Therefore, Plaintiff failed to serve any Defendants within the ninety day time period required by Rule 4(m) of the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Civ. P. 4(i)(4), the court must allow a party a reasonable time to cure its failure to effect service. The Court has done so and set October 30, 2019 as the deadline by which Plaintiff must show cause why this case should not be dismissed. (Doc. 8.) He has not accomplished proper service to date, and this is grounds for dismissal pursuant to Fed. R. Civ. P. 4(m) and the Court's Order dated October 9, 2019.

Plaintiff's attempt at filing an amended complaint does not reset the Rule 4(m) period for service. See Lee v. Airgas Mid-S., Inc., 793 F.3d 894, 898 (8th Cir. 2015) ("[F]iling an amended complaint in itself does not toll the service period or reset the 120-day[2] clock.") (internal quotation marks omitted); Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120–day[3] period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."); Convergence Techs. (USA), LLC v. Microloops Corp., 711 F. Supp. 2d 626, 631 n.4 (E.D. Va. 2010) (same).

---

[2] The time for serving a defendant was reduced from 120 days to 90 days in the 2015 Amendment to the Federal Rules of Civil Procedure.
[3] Id.

The undersigned finds that Plaintiff has not satisfied the requirements of Rule 4. Consequently, Plaintiff's Complaint must be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) due to insufficient process, insufficient service of process, and lack of personal jurisdiction. For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> and Plaintiff's Complaint be dismissed without prejudice.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment" (Doc. 10 and 11[4]) be **GRANTED** and the Complaint be **DISMISSED WITHOUT PREJUDICE** as to all Defendants.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

---

[4] Document 10 is Defendants' Motion filed under seal. Document 11 is the same Motion with portions redacted.

such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 14, 2020

David S. Cayer
United States Magistrate Judge