# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:18-cv-00244-RJC-DSC

| | |
|---|---|
| VINCENT T. FRANKLIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **Order** |
| MEGAN J. BRENNAN, DAVID JOSEPH CHRISTOPHER BROOKS, AND TIMOTHY WILLIAMS, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. Nos. 10 and 11), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 18), and Plaintiff's Objection to the M&R (Doc. No. 19). For the reasons stated herein, the M&R (Doc. No. 18) is **ADOPTED**, Defendants' Motion to Dismiss (Doc. Nos. 10-11) is **GRANTED**, and Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice.

## I. BACKGROUND

Plaintiff is an employee of the Postal Service who filed a pro se Complaint against Defendants on May 11, 2018, alleging discrimination by postal management. (Doc. No. 1). After filing his Complaint, on June 25, 2018, the Court received three "Affidavit[s] of Service" dated June 18, 2018 by a Mecklenburg County Deputy Sheriff. (Doc. No. 4). Each Affidavit indicates the Deputy Sheriff served the summons, but not Complaint, on Defendants Brooks, Joseph, and Williams. Thereafter, nothing further was filed in the case for almost a year until April 24, 2019,

when the Court entered an Order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (Doc. No. 5).

Plaintiff responded to the Court's show cause order by filing a Motion for Entry of Default on May 8, 2019. (Doc. No. 6). The Court denied Plaintiff's Motion for Entry of Default because Plaintiff failed to prove proper service of process on Defendants. (Doc. No. 8). Specifically, Plaintiff did not provide evidence that he properly served a copy of the Complaint on Defendants Brooks, Joseph, and Williams nor that he served a copy of the summons or Complaint on Defendant Brennan as required by Rule 4. *Id.* The Court ordered Plaintiff to file proof of service as to each Defendant within twenty-one days of the Order or it would dismiss the case. *Id.* Plaintiff did not file proof of service within twenty-one days as required by the Order.

On November 7, 2019, Defendants filed the Motion to Dismiss. (Doc. Nos. 10-11). On December 2, 2019, Plaintiff filed a document containing a FedEx Office receipt showing FedEx Standard Overnight delivery to Recipient Address: "US Dept of Justice, US Attorney Office, 227 W. Trade St, Ste 1650 Carillon Blg, Charlotte, NC 28202" for delivery on October 30, 2019, and "FedEx 2Day" delivery to "Attn: Megan J. Brennan, Postmaster General-USPS, 475 L-Enfant Plaza SW, Washington, DC 20260" for delivery on October 31, 2019.[1] (Doc. 13). The document also contains two summons issued to Megan J. Brennan, one dated May 15, 2018 and one dated October 29, 2019. *Id.* He did not file an Affidavit of Service. *Id.*

On January 14, 2020, the Magistrate Judge entered the M&R recommending that Defendants' Motion to Dismiss be granted pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) due

---

[1] Plaintiff also filed an "Addendum" by which he appeared to file an additional or amended complaint without leave of court and a response to Defendants' Motion to Dismiss. (Doc. Nos. 12 & 14).

to insufficient process, insufficient service of process, and lack of personal jurisdiction, and Plaintiff's Complaint be dismissed without prejudice as to all Defendants. (Doc. No. 18). Plaintiff filed an untimely objection to the M&R on February 4, 2020. (Doc. No. 19).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.*

## III. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that a plaintiff is responsible for serving a summons and copy of the complaint on a defendant. Fed. R. Civ. P. 4(c)(1). Rule 4(i) provides that service of a complaint against an agency or employee of the United States is accomplished by: (1) delivering a copy of the summons and complaint to the United States Attorney's office for the district where the action is brought or mailing by registered or certified mail to the civil-process clerk at the United States attorney's office; (2) sending a copy of each by registered or certified mail to the Attorney General of the United States;

and (3) sending a copy of each by registered or certified mail to the agency or employee. Additionally, Rule 4(m) requires that such service must occur within ninety days following the filing of the complaint.

Absent waiver or consent, a court cannot exercise personal jurisdiction over a party until it has been properly served in accordance with the applicable Federal Rules of Civil Procedure. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). A plaintiff may defend a motion to dismiss for insufficient service of process by establishing proper service and bears the burden of establishing that service of process has been perfected in accordance with Rule 4. *Scott v. Maryland State Dep't of Labor*, 673 Fed. App'x 299, 303 (4th Cir. 2016); *see also Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010). A plaintiff's pro se status is insufficient to establish good cause justifying a failure of service, even where the pro se plaintiff mistakenly believes that service was made properly. *Hansan v. Fairfax Cty. School Bd.*, 405 Fed. Appx. 793, 794 (4th Cir. 2010).

Here, the M&R recommended dismissal of the Complaint as to all Defendants without prejudice for insufficient process, insufficient service of process, and lack of personal jurisdiction. Plaintiff filed an objection to the M&R; however, Plaintiff's objection does not challenge the conclusion that he did not comply with Rule 4. Indeed, Plaintiff's objection states, the "fact [that Defendants were not properly served] is somewhat true and somewhat untrue," "[t]he Federal Defendant has been served but not so correctly or properly," "[t]he Plaintiff may have overlooked a few boxed here and there," and "Plaintiff has accomplished step 1 and step 3" of the three requirements for service on a United States agency or employee outlined in Rule 4. (Doc. No. 19). Although he did not comply with Rule 4, he argues process was sufficient because Defendants received notice and filed a motion to dismiss in the case. Despite receiving additional time beyond

the 90 days provided by Rule 4(m) to properly serve Defendants, Plaintiff has not satisfied the requirements of Rule 4 nor has he provided good cause justifying his failure of service. Consequently, Plaintiff's Complaint must be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) due to insufficient process, insufficient service of process, and a concomitant lack of personal jurisdiction, arising from the lack of process and service of process.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 18) is **ADOPTED**;
2. Defendants' Motion to Dismiss (Doc. Nos. 10-11) is **GRANTED**; and
3. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice.

    The Clerk is directed to close this case.

Signed: November 16, 2021

Robert J. Conrad, Jr.
United States District Judge